**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**STONECREST HOMES, LLC; and**
**CARMICHAEL & DAME DESIGNS, INC.,**

              **Plaintiffs,**

           **vs.**                                                                **Case No. 04-C-431**

**SCHMID BROTHERS BUILDERS, INC.;**
**JR CONSTRUCTION SERVICES, INC.; and**
**JOHN RIPHAHN,**

              **Defendants.**

---

**SCHMID BROTHERS BUILDERS, INC.,**

              **Third-Party Plaintiff,**

           **vs.**

**JR CONSTRUCTION SERVICE, INC.,**

              **Third-Party Defendant.**

---

**DECISION AND ORDER**

This action arises out of the alleged copying of a copyrighted design plan for a single-family home design known as the "Kingwood Showcase." Stonecrest Homes, LLC ("Stonecrest") and Carmichael & Dame Designs, Inc. ("Carmichael") (collectively "the

plaintiffs") filed an amended complaint against Schmid Brothers Builders, Inc. ("Schmid"), JR Construction Services, Inc. ("JR"), and John Riphahn ("Riphahn") (collectively "the defendants") setting forth five causes of action: (1) copyright infringement under 17 U.S.C. § 101; (2) interference with licensing rights; (3) unfair competition and trade practices under Wis. Stat. § 100.20; (4) deceptive sales practices and fraudulent representations under Wis. Stat. § 100.18; and (5) civil conspiracy.

Schmid's Rule 7.4 expedited motion and Carmichael's motion to reset consideration of summary judgment motion will be addressed herein. A synopsis of the case provides helpful context.

*Background*

Carmichael, a Texas firm, alleges that it created and copyrighted the "Kingwood Showcase" home design. (Am. Compl. ¶¶ 3-4, 13-17, Ex. 1.) In November 2003, Schmid hired JR and Riphahn to develop and design the residential floor plan for Schmid's lot in a Menomonee Falls, Wisconsin subdivision.[1] (*Id*. at ¶ 18.) At that time, Schmid provided JR and Riphahn with a copy of Carmichael's copyrighted house plan and design for the "Kingwood Showcase." (*Id*. at ¶ 19.)

JR and Riphahn developed and designed a residential floor plan for Schmid, known as the "Montago" plan, which is substantially similar to the "Kingwood Showcase." (*Id*. at ¶ 22). The defendants do not have a construction license with Carmichael or any

---

[1] Schmid and JR are Wisconsin corporations. (Am. Compl. ¶¶ 2 & 5.) Riphahn is a Wisconsin resident. (*Id*. at ¶ 6.)

2

Carmichael agent that would authorize them to use the "Kingwood Showcase" design in the construction of a house. (*Id*. at ¶ 24.)

On about January 15, 2004, Stonecrest, a Wisconsin business engaged in the construction of single family homes, purchased a construction license for the "Kingwood Showcase" design from Carmichael's agent. (*Id*. at ¶ 22). The plaintiffs allege that Stonecrest marketed and advertised the "Kingwood Showcase" design locally and obtained approval to construct a single-family home of that design in the Menomonee Falls' subdivision for the Metropolitan Builders Association's Parade of Homes ("Parade of Homes").[2] (*Id*. at ¶¶ 23, 25.)

In April 2004, the plaintiffs became aware that Schmid was constructing a house ("the Schmid house") in the Menomonee Falls' subdivision using plans, which the plaintiffs contend are, "substantially similar" to those of the "Kingwood Showcase" home design. (*Id*. at ¶ 27.)

On May 4, 2004, the plaintiffs filed this action against Schmid, alleging that the plans Schmid used during construction of the Schmid house and the Schmid house itself, infringe on Carmichael's copyrighted design. They also allege a violation of Stonecrest's rights under its license agreement with Carmichael.

Thereafter, the plaintiffs filed a motion for a preliminary injunction to enjoin continued construction on the Schmid house, asserting that the Schmid house precluded

---

[2]The Parade of Homes, an annual event sponsored by the Metropolitan Builders Association, showcases newly constructed homes and is used by builders as a sales and marketing device.

3

Stonecrest's utilization of its license for the Kingwood Showcase design and, therefore, its participation in the Parade of Homes. The plaintiffs also asserted that Stonecrest would lose customers as a direct result of its inability to participate in the Parade of Homes.

The Court found that Stonecrest's assertions regarding its participation in Parade of Homes and loss of customers was rebutted by information in the Parade of Homes' Executive Director's affidavit. That affidavit stated that Stonecrest's house was never enrolled in the Parade of Homes and that the enrollment deadline had passed. (Court's July 16, 2004, Decision and Order at 4.) The Court denied the plaintiffs' motion for a preliminary injunction because Stonecrest failed to show irreparable harm and the absence of adequate legal remedies. *Id*.

*Schmid's Rule 7.4 Motion*

Schmid's Rule 7.4 expedited non-dispositive motion (Docket No. 71) seeks an order permitting it to sell the Schmid house with any net profits held in a trust pending the termination of this lawsuit. The motion is supported by the affidavit of Eugene Schmid. Stonecrest and Carmichael both oppose Schmid's motion. JR supports Schmid's motion.

Schmid's motion and supporting affidavit describe its precarious financial position. Carmichael has taken the position that if Schmid advertises, sells or rents the Schmid house, Carmichael will view those actions as willful infringement.

The Schmid house was enrolled in the Parade of Homes, but Schmid withdrew the house from inclusion shortly after the commencement of this action. Thus far, Schmid

4

has refrained from selling or leasing the property suffering monetary damages of $4,200 per month which adversely impacts Schmid's capacity to stay in business.

Schmid requests permission to sell the Schmid home, but does not cite any legal authority. The plaintiffs' amended complaint list sixteen forms of relief sought, including impoundment of the Schmid house.³ (Am. Compl. at 7 ¶ B.) However, the preliminary injunction motion, which was denied, sought only to prevent the completion of the construction of the Schmid house.

No order issued by this Court prevents the sale of the Schmid house. While Schmid may desire the Court's imprimatur on the sale, it has not presented the Court with any legal authority to support the need for its request. Based on the record before the Court, there is no need for a ruling by this Court on the sale of the Schmid house. For that reason, Schmid's Rule 7.4 motion for an order permitting the sale of the Schmid house is denied as unnecessary.

---

³Paragraph B on page seven of the amended complaint, which requests impoundment pursuant to "17 U.S.C. § 5809(a)," contains a typographical error (no such section exists). Section 509 of Title 18 of the United States Code governs seizure and forfeiture, but does not apply to a *lis pendens* against real property allegedly constructed based on an infringement of architectural plans. *See* 4 *Nimmer on Copyright*, § 14.07[A] (2005); *See also, Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 357 (E.D.N.Y. 1997).

5

*Carmichael's Motion to Reset*

Carmichael filed a motion to reset consideration of its motion for partial summary judgment (Docket No. 65) based on its earlier failure to submit proposed findings of fact with its partial summary judgment motion. Schmid does not oppose the motion, on the condition that its response to those proposed findings of fact, which it filed on January 14, 2005, is also considered.

Carmichael's motion to reset is based on its recognition that it failed to follow Civil L.R. 56.2 (E.D. Wis.) which requires, in pertinent part, that motions for summary judgment be accompanied by contemporaneous proposed findings of fact. By affidavit of counsel, Carmichael states that this error arose from counsel's mistaken reference to the rules for another district court which did not have rules governing summary judgment. Schmid has responded to the newly submitted proposed findings of fact and the Court will consider those responses. Based on these circumstances, Carmichael's motion to reset consideration of its partial summary judgment motion is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Schmid's Rule 7.4 Expedited Non-Dispositive Motion for permission to sell the Schmid house (Docket No. 71) is **DENIED** as unnecessary; and,

6

Carmichael's motion to reset consideration of its partial summary judgment motion (Docket No. 65) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 25th day of April, 2005

BY THE COURT

s/ Rudolph T. Randa
Hon. Rudolph T. Randa
Chief Judge